TATE, Judge.
The plaintiff Abercrombie appeals from dismissal of his tort suit after trial on the merits. The chief issue in this court is whether the trial court erred in its appreciation of the factual evidence.
The plaintiff Abercrombie’s Falcon automobile was struck by a pick-up truck owned and operated by Lindsey, the defendant Maryland’s assured. The plaintiff contends that negligence on the part of Lindsey in speed or lookout was a contributory cause of this accident.
The trial court found that the sole proximate cause of the accident was the negligence of a third person, Howell; that the latter pulled out from the curb suddenly in Lindsey’s immediate path, at a time when Lindsey could not avoid striking him nor careening into the plaintiff Abercrom-bies’s path. The court found that no excessive speed nor lack of lookout on the part of Lindsey was proven. Since the plaintiff Abercrombie had sued only Maryland, Lindsey’s casualty insurer, the trial court dismissed the suit.
The plaintiff-appellant’s counsel contends somewhat skillfully that issues of law in evaluating evidence are involved, and that the trial court misconstrued the preponderance of the evidence.
*555 Nevertheless, we are unable to find , error in the trial court’s evaluation of the testimony of the defendant’s two witnesses' (Lindsey and Bice) as proving the version of the accident found by it, and in its discounting the testimony of the plaintiffs three witnesses (Abercrombie, Howell, and Payne) insofar as contrary thereto. We therefore affirm, applying the well-settled principle that upon appellate review the trial court’s factual appreciation of the evidence will not be disturbed save for manifest error — especially when, as here, founded upon credibility evaluations of the respective witnesses. Costs are to be paid by the plaintiff-appellant. ,,
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.